**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GAMEROOM SUPERSTORES,**
**LLC d/b/a SATURN 5,**

    Plaintiff,

v.                                            Case No.  8:13-cv-1528-T-30AEP

**ED BRODSKY, in his official capacity as**
**State Attorney for the 12th Judicial Circuit,**
**in and for the State of Florida,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon The Seminole Tribe of Florida's Motion to Intervene (Dkt. 6) and Plaintiff Gameroom Superstores, LLC d/b/a Saturn 5's Response in Opposition (Dkt. 12).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

In this case, Plaintiff Gameroom Superstores, LLC d/b/a Saturn 5 ("Gameroom"), a commercial entity that operates an amusement arcade, challenges the constitutionality of newly enacted Chapter 2013-2, which amends Fla. Stat. §§ 849.16 and 849.161.  Section 849.161 excludes from the definition of amusement games or machines "casino-style games in which the outcome is determined by factors unpredictable by the player or games in which the player may not control the outcome of the game through skill."  Fla. Stat. §

849.161(1)(a).  The statute also defines "[a]musement games or machines" as "games which operate by means of the insertion of a coin".  *Id.*

Gameroom's amended complaint for declaratory and injunctive relief seeks a ruling from this Court declaring the amendments unconstitutional and enjoining the enforcement of these amendments.  Gameroom alleges that, since the effective date of the amendments, the Manatee County Sheriff's Department has accused Gameroom of operating four sweepstakes games in violation of the Sheriff's Department's interpretation of the amendments.  Gameroom claims that Fla. Stat. § 849.161 is facially vague, thereby encouraging arbitrary and discriminatory enforcement.

The Seminole Tribe of Florida moves for leave to intervene as a defendant in this action.  The Seminole Tribe is a federally recognized Indian tribe possessing sovereign powers and rights of self-government.  The Seminole Tribe contends that it and the State of Florida are parties to a Compact entered into on April 7, 2010, and approved by the Florida Legislature and the United States Department of the Interior ("the Compact").  Under the Compact, the Seminole Tribe has agreed to pay to the State of Florida a significant percentage of the revenue the Seminole Tribe receives from the conduct of Class III gaming as defined in 25 U.S.C. Section 2703(8) in consideration of substantial exclusivity in the gaming industry.  The Seminole Tribe argues that the Court's construction of similar gaming terms in Chapter 2013-2 in this case may have a significant impact on the Seminole Tribe's interests.

The Seminole Tribe indicates in its motion that Defendant Ed Brodsky does not oppose its intervention as a defendant in this case. Gameroom's response indicates an opposition, but the 3-paragraph response does not focus on the elements of intervention and merely argues in a conclusory fashion that construction of the phrases identified in the amended complaint will not have an adverse impact on the Compact between the Seminole Tribe and the State of Florida.

The Court concludes that the Seminole Tribe should be permitted to intervene in this action under Rule 24(a)(2) of the Federal Rules of Civil Procedure.

## **LEGAL DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 24(a)(2), a party may intervene as of right if he can establish that:

> (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*See Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir. 1989). If a party establishes all four prerequisites to intervention, the Court must permit him to intervene. *See U.S. v. Ga.,* 19 F.3d 1388, 1393 (11th Cir. 1994).

The Seminole Tribe has established the timeliness of its motion. This case remains at the pleadings stage; a scheduling order is not in place and the parties have not commenced discovery. Accordingly, intervention by the Seminole Tribe would not delay these proceedings or unduly prejudice any party.

The Seminole Tribe has also established its interest in the subject matter and potential impairment of that interest. A decision which expands the number of entities and locations that can engage in gambling in the State of Florida would have an adverse impact on the Seminole Tribe's protected right to gaming exclusivity.

Finally, the Seminole Tribe has demonstrated that the existing parties to this action will not adequately represent its interest. Although the Seminole Tribe and the Florida State Attorney share an interest in arguing the constitutionality of the Florida statutes at issue in this case, the Seminole Tribe has the *additional* unrepresented interest of protecting its exclusive rights to casino-style gaming.

Accordingly, the Seminole Tribe's motion to intervene will be granted because it has established all four prerequisites to intervention under Rule 24(a)(2).

It is therefore **ORDERED AND ADJUDGED** that:

1. The Seminole Tribe of Florida's Motion to Intervene (Dkt. 6) is GRANTED.

2. The Seminole Tribe of Florida shall file an answer to Plaintiff's amended complaint within seven (7) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-1528.mtintervene6.frm