UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GAMEROOM SUPERSTORES, LLC d/b/a
SATURN 5,**

    Plaintiff,

v.   Case No.  8:13-cv-1528-T-30EAJ

**ED BRODSKY, in his official capacity as
State Attorney for the 12th Judicial Circuit,
in and for the State of Florida,**

    Defendant,

v.

**Seminole Tribe of Florida**

    Intervenor Defendant.

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Ed Brodsky's Motion to Dismiss Amended Complaint (Dkt. 15) and Plaintiff Gameroom Superstores, LLC d/b/a Saturn 5's Response in Opposition (Dkt. 19).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## **BACKGROUND**

In this case, Plaintiff Gameroom Superstores, LLC d/b/a Saturn 5 ("Gameroom"), a commercial entity that operates an amusement arcade, challenges the constitutionality of

newly enacted Chapter 2013-2, which amends Fla. Stat. §§ 849.16 and 849.161. Florida prohibits the use or possession of slot machines, which are broadly defined. *See generally* Fla. Stat. §§ 849.15; 849.16. Section 849.161, the "safe harbor" applies to "amusement games or machines". In other words, section 849.161 permits the operation of certain arcade games. The statute defines "[a]musement games or machines", in relevant part, as "games which operate by means of the insertion of a coin". Fla. Stat. § 849.161(1)(a). It also excludes from the definition of amusement games or machines "casino-style games in which the outcome is determined by factors unpredictable by the player or games in which the player may not control the outcome of the game through skill." *Id.*

Gameroom's amended complaint for declaratory and injunctive relief seeks a ruling from this Court declaring the amendments unconstitutional and enjoining the enforcement of these amendments. Gameroom operates over 100 "amusement devices", i.e., "[t]he type found at Chuck E. Cheese or a Dave and Busters chain store." (Dkt. 9). Gameroom's amusement devices do not use coins. Gameroom alleges that, since the effective date of the amendments, the Manatee County Sheriff's Department has accused Gameroom of operating four sweepstakes games in violation of the Sheriff's Department's interpretation of the amendments. Gameroom claims that Fla. Stat. § 849.161 is facially vague, thereby encouraging arbitrary and discriminatory enforcement. Gameroom also alleges that Fla. Stat. § 849.161 is not reasonably related to a legitimate governmental purpose.

Defendant Ed Brodsky, in his official capacity as State Attorney for the 12th Judicial Circuit, in and for the State of Florida, moves to dismiss Gameroom's amended complaint

under Federal Rule of Civil Procedure 12(b)(6).  Brodsky's motion, which reads like a summary judgment motion, argues that Gameroom's "entire case hinges on the validity of the coin provision [of section 849.161]" and that the coin provision "is neither irrational nor vague because it rationally relates to a legitimate state interest and it is easily comprehensible". (Dkt. 15).

Gameroom argues that Brodsky's motion is inappropriate under Federal Rule of Civil Procedure 12(b)(6).  Gameroom contends that the motion "is not a challenge to the Amended Complaint's ability to state a cause of action, but an attempt to challenge the factual support of the matter." (Dkt. 19).  The Court agrees.

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  On the contrary, legal conclusions "must be supported by factual allegations." *Id.*

Here, Brodsky's motion essentially points out, under the relevant law, why Gameroom's claims ultimately fail.  Although Brodsky's arguments may be well-taken, the Court cannot entertain them at the motion to dismiss stage, especially because they rely on

assumptions that are outside the scope of the amended complaint. Brodsky's arguments are more appropriate for a summary judgment motion.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Ed Brodsky's Motion to Dismiss Amended Complaint (Dkt. 15) is denied.

2. Defendant Ed Brodsky shall file an answer to the amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 28, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-1528.mtdismiss15.frm